

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
HAROLD OWENS, JR.,

                Plaintiff,

    -against-

SHERIFF VINCENT F. DEMARCO,

                Defendant.
----------------------------------X

MEMORANDUM AND ORDER
11-CV-5598(JS)(WDW)

APPEARANCES:
For Plaintiffs:    Harold Owens, Jr. Pro Se
                    421751
                    Suffolk County Correctional Facility
                    110 Center Drive
                    Riverhead, NY 11901

For Defendant:    No appearance

SEYBERT, District Judge:

        On November 15, 2011, incarcerated pro se plaintiff Harold Owens, Jr. ("Plaintiff") filed a complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against defendant Sheriff Vincent F. DeMarco ("Defendant"), along with an application to proceed in forma pauperis. Upon review of Plaintiff's application to proceed in forma pauperis, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee. Accordingly, the application to proceed in forma pauperis is granted pursuant to 28 U.S.C. § 1915. However, for the reasons that follow, the Complaint is sua sponte dismissed with leave to file an Amended Complaint within thirty (30) days as detailed below.

## THE COMPLAINT

        Plaintiff, an inmate at the Suffolk County Correctional

Facility, filed a brief handwritten Complaint submitted on the Court's civil rights complaint form. Plaintiff claims:

> We are subject to unsafe living conditions: (1) black mold all over the ventilation system (Entirely) that leaks rain water and condensation attached to completely rusted air vents; (2) rusted faucets water and green algae growing under clear knobs, poor shower drainage to the point where the shower regurgitates the sewage while showering; (3) extremely cold, sub par heating; (4) rats and spiders infestations; (5) meals not meeting dietary standards, being served cold, not proper footwear, and the medical and dental evaluations aren't being met in a timely matter [sic].

(Comp. at ¶IV). The section of the Complaint form that calls for a description of any claimed injuries, any medical treatment required and whether such medical treatment was received is blank. (Compl. at ¶ IV. A). Notwithstanding the fact that Plaintiff does not allege any injury, he seeks five hundred million ($500,000,000.00) dollars in monetary relief. (Comp. at ¶ V). Further, Plaintiff requests:

> Injunctive relief; remove black mold, fix leaks, allow us to wear personal shoes, fix backed up toilets and showers [and] drains [and] issue extra blankets, exterminate the spiders and rats, increase portion of meals, have heated meals, including hot breakfast meals, direct facility personnel not to threaten or transfer any plaintiffs as a retaliation for this action.

(Id.).

## DISCUSSION

I. <u>In Forma Pauperis Application</u>

Upon review of the Plaintiff's application, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the $350.00 filing fee. See 28 U.S.C. §§ 1914(a), 1915(a)(1). Accordingly, Plaintiff's application to proceed in forma pauperis is granted.

II. Application of 28 U.S.C. § 1915

Pursuant to Section 1915 of Title 28, a district court must dismiss an in forma pauperis complaint upon determining that the action is "(1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B); see Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).

Courts are required to liberally construe pleadings drafted by a pro se plaintiff. Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). A "pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (internal quotation marks and citations omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 124 (2d Cir. 2010); see

also Jackson v. Birmingham Board of Education, 544 U.S. 167, 171, 125 S. Ct. 1497, 161 L. Ed. 2d 361 (2005). However, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953, 173 L. Ed. 2d (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citations omitted). While "detailed factual allegations" are not required, the federal pleading standard requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (quoting Twombly, 550 U.S. at 555, 127 S. Ct. at 1955). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

III. Section 1983

Section 1983 provides that:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983 (2000). For a plaintiff to state a Section 1983

4

claim, the complaint must allege that the challenged conduct was "committed by a person acting under color of state law," and that the conduct "deprived [a plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) cert. denied sub nom Cornejo v. Monn, __ U.S. __, 131 S. Ct. 158, 178 L. Ed. 2d 243 (2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993).

A. Claims Against Suffolk County Sheriff Vincent DeMarco

In order to state a claim for relief under Section 1983 against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010). The Supreme Court held in Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009) that "[b]ecause vicarious liability is inapplicable to . . . [section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Id. Thus, a plaintiff asserting a Section 1983 claim against a supervisory official in his individual capacity must sufficiently plead that the supervisor was personally involved in the constitutional deprivation. Rivera v. Fischer, 655 F. Supp.

5

2d 235, 237 (W.D.N.Y. 2009). A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law. See Costello v. City of Burlington, 632 F.3d 41, 48-49 (2d Cir. 2011); Johnson v. Barney, 360 F. Appx. 199 (2d Cir. Jan. 12, 2010).

Here, Plaintiff has not alleged the direct participation of defendant DeMarco in any of the wrongdoing alleged in the Complaint or any basis upon which to find him liable in a supervisory capacity. Accordingly, Plaintiff's claims against DeMarco are not plausible and are dismissed in their entirety with prejudice **unless Plaintiff files an amended complaint alleging the personal involvement of DeMarco in the alleged constitutional deprivations within thirty (30) days from the date this Order is served upon him.**

B. Challenge to the Conditions of Confinement

Upon a liberal construction, it appears that Plaintiff seeks to allege a deliberate indifference claim challenging the conditions of his confinement at the Suffolk County Correctional Facility. Plaintiff does not cite to a particular section of the Constitution nor does he allege whether he is pre-or post-conviction. Although the Eighth Amendment does not technically apply to a pretrial detainee in the context of a deliberate indifference claim, the standard of review for a Fourteenth Amendment Due Process claim for a pretrial detainee is the same as that for an Eighth Amendment claim in the case of a convicted

prisoner. Caiozzo v. Koreman, 581 F.3d 631, 72 (2d Cir. 2009); see also Phipps v. DeMarco, No. 11-CV-3717 (JS)(ARL), 2011 WL 3667755 (E.D.N.Y. Aug. 19, 2011).

The Eighth Amendment prohibits the infliction of "cruel and unusual punishment," U.S. CONST. Amend. VIII, and, the Fourteenth Amendment's Due Process clause makes it applicable to the states. Trammell v. Keane, 338 F.3d 155, 161 (2d Cir. 2003) (citing Robinson v. Cal., 370 U.S. 660, 666-67, 82 S. Ct. 1417, 8 L. Ed. 2d 758 (1962)). Although it is clear that the Eighth Amendment "'does not mandate comfortable prisons,'" it does not permit inhumane treatment of those in custody. Gaston v. Coughlin, 249 F.3d 156, 164 (2d Cir. 2001) (citing Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 1976, 128 L. Ed. 2d 811 (1994) and Rhodes v. Chapman, 452 U.S. 337, 349, 101 S. Ct. 2392, 2400, 69 L. Ed. 2d 59 (1981)).

Claims of poor confinement conditions can be the basis for an Eighth Amendment claim, if such conditions result "'in unquestioned and serious deprivations of basic human needs'" Anderson v. Coughlin, 757 F.2d 33, 35 (2d Cir. 1985) (quoting Rhodes, 452 U.S. at 347, 101 S. Ct. at 2399). But, like other Eighth Amendment claims, a plaintiff must also plead facts reflecting that such conditions were imposed with "deliberate indifference." Wilson v. Seiter, 501 U.S. 294, 297, 111 S. Ct. 2321, 2323, 115 L. Ed. 2d 271 (1991).

Here, although Plaintiff complains generally about the

conditions at the Suffolk County Correctional Facility, the allegations do not rise to the level of serious deprivation of human need, see Anderson, 757 F.2d at 35. Indeed, Plaintiff does not even allege any injuries resulting therefrom. (Compl. at ¶ IV. A.). Even if the Court were to liberally construe the allegations in the Complaint as rising to the level of a serious deprivation of human need, Plaintiff has wholly failed to allege that any of these conditions were imposed with the requisite deliberate indifference. Accordingly, the Complaint fails to allege a plausible deliberate indifference claim and, for the reasons set forth above, it is dismissed pursuant to 28 U.S.C. § 1915A (b)(1).

However, because a district court should not dismiss a pro se complaint without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated," Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010), Plaintiff is granted leave to amend his Complaint. Plaintiff is warned that the Complaint will be dismissed with prejudice unless he files an Amended Complaint **within thirty (30) days of the date that this Order is served upon him.**

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

IV. Conclusion

For the foregoing reasons, it is hereby:

**ORDERED** that Plaintiff's application to proceed in forma pauperis is granted; and it is further,

**ORDERED** that Plaintiff's claims against DeMarco are dismissed with prejudice pursuant to 28 U.S.C. §§ 1915 and 1915A for failure to state a claim **unless the Plaintiff files an Amended Complaint alleging the personal involvement of DeMarco in the alleged constitutional deprivations within thirty (30) days from the date this Order is served upon him**, and it is further,

**ORDERED** that Plaintiff's deliberate indifference claims are sua sponte dismissed with prejudice pursuant to 28 U.S.C. §§ 1915 and 1915A, for failure to state a claim **unless the Plaintiff files an Amended Complaint in accordance with this Order within thirty (30) days from the date this Order is served upon him.**

SO ORDERED.

/s/ JOANNA SEYBERT
JOANNA SEYBERT, U.S.D.J.

Dated: December 6, 2011
Central Islip, New York

9